# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TREMAINE MONTEZ DEMUMBRUM, ) ) Plaintiff, ) ) VS. ) ) CORPORAL MORRIS, ET AL., ) ) Defendants. ) | No. 1:18-cv-1245-JDT-cgc |

### ORDER DISMISSING COMPLAINT, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 5), CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 14, 2018, Plaintiff Tremaine Montez Demumbrum, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on December 17, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Corporal First Name Unknown (FNU) Morris; Captain FNU Petty; Sergeant FNU Ward; Corrections Officer (C/O) FNU Cagle; and Russell Stray, Unit Manager.

Demumbrum alleges that on October 4, 2018, C/O McAllister, who is not named as a defendant, reported an inmate in possession of a homemade knife. (ECF No. 1 at PageID 2.) Defendants Morris and Stray allegedly "rebuffed" C/O McAllister "but stayed in contact with officers to search the inmate's cell." (*Id.*) Defendants Petty, Ward, and Cagle allegedly searched

the inmate's cell but found nothing. (*Id.*) Officer McAllister reported that he believed "that the knife had been passed to another inmate but they did not pursue it." (*Id.*) Demumbrum alleges that, two days later, the suspected inmate assaulted another inmate with a food tray "but was allowed to stay in our pod under no punitive observation or lock down." (*Id.* at PageID 2-3.) The next day, October 7, 2018, the suspected inmate allegedly assaulted Demumbrum with a weapon. (*Id.* at PageID 2.) Demumbrum asserts that, given that inmate's "propensity for violence and the fact that he had access to a homemade knife, steps should have been taken to ensure that [the inmate] could not harm other inmates." (*Id.* at PageID 3.)

Demumbrum wants the Defendants to be fired and seeks $500,000 in punitive damages. (*Id.* at PageID 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a

complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Demumbrum filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Demumbrum's allegations that the Defendants failed to protect him from the attack by another inmate is analyzed under the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). An Eighth Amendment claim consists of both objective and subjective components. *Id.* at 834. To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38. The subjective component must be evaluated for each defendant individually. *Bishop v. Hackel*, 636 F.3d 757, 767-68 (6th Cir. 2011) ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

Demumbrum fails to state an Eighth Amendment claim. He alleges that officers searched that offending inmate's cell after a report that he had a knife. The officers did not find a knife during the search, but two days later the inmate assaulted a fellow inmate—not Demumbrum—with a food tray. However, Demumbrum does not allege that the inmate who eventually assaulted

him ever threatened him or interacted with him at all. Other than his assertion that the inmate was showing a "propensity to violence," Demumbrum does not allege anything that suggests the Defendants knew or should have known of a specific, substantial threat to *Demumbrum's* safety by housing him with this inmate. *See Webster v. Crowley*, 62 F. App'x 598, 601 (6th Cir. 2003) (inmate who did not inform inspector that he feared attacks from inmates and needed protection failed to state Eighth Amendment claim against inspector). The officers may have acted negligently by allowing the inmate to remain in the same pod where the attacks occurred. But the failure to exercise reasonable care is not the same as deliberate indifference, which requires a showing of more than negligence. *Farmer*, 511 U.S. at 835; *see Walls v. Tenn. Dep't of Corr.*, No. 17-2549-JPM-TMP, 2018 WL 3468379, at *6 (W.D. Tenn. July 18, 2018) (inmate who failed to allege that corrections officer "was aware of the risk to [inmate's] safety posed by the other inmate and disregarded the risk" did not state Eighth Amendment claim for failure to protect from assault by other inmate).

Moreover, Demumbrum does not allege that he suffered any physical injury from the alleged assault. The PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 626 (6th Cir. 2011). Even had he sufficiently alleged an Eighth Amendment claim, his suit would be barred under § 1997e(e).

For the foregoing reasons, the complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily,

before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to further amend is not warranted.

In conclusion, the Court DISMISSES Demumbrum's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED. Demumbrum's motion to appoint counsel, (ECF No. 5), is DENIED as moot.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Demumbrum in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Demumbrum nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good

faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Demumbrum is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Demumbrum, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE